# LS

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS ___6767___

MICHAEL WOODS, an individual;  )
RAMONA WOODS, an individual;  )
and BNT AD AGENCY, LLC.  )
                                   )
            Plaintiffs,  )
                                   )
     vs.  )
                                     )
CITY OF GREENSBORO, North Carolina, )
a municipality, and the following current and )
former members of the City Council in their )
official and individual capacities, TONY )
WILKINS, NANCY HOFFMAN, NANCY )
VAUGHN, ZACK MATHENY, MARIKAY )
ABUZUAITER, T. DIANNE BELLAMY- )
SMALL  )
                                   )
          Defendants.  )

**VERIFICATION OF COMPLAINT**

**NOW COMES** Ramona Woods ("**Affiant**") being of sound mind and body, over the age of eighteen (18) years old, having been duly sworn and deposed and sworn, hereby affirms and verifies as follows:

1.     I am a named individual Plaintiff in the above captioned action and a Manager of the Plaintiff limited liability company, BNT Ad Agency, LLC.

2.     I have read the forgoing Complaint and have actual first-hand knowledge of the various facts and matters asserted and alleged therein.

3.     All such facts and matters asserted and alleged in the Complaint against the various Defendants are true and accurate to the best of my knowledge, and those facts and matters alleged upon information and belief, are true and accurate to my knowledge.

Further Affiant sayeth not.

This the 18 day of June.

_____

Ramona Woods, Affiant, individually
and in the official capacity as Manager
of BNT Ad Agency, LLC.

STATE OF NORTH CAROLINA

Guilford COUNTY


Signed and sworn before me this 18 day of June 2014.

_____
Notary Public

My commission expires: 10|18|2014

# MICHAEL A. JONES & ASSOCIATES, P.L.L.C.

### ATTORNEYS AT LAW

TELEPHONE: (919) 688-9882
FACSIMILE: (919) 688-5414
jonesmlaw@aol.com

100 EAST PARRISH STREET
CHANCELLOR BUILDING, SUITE 450
DURHAM, NORTH CAROLINA 27701

TOLL FREE: (877) 688-9887
LICENSED IN NORTH AND
SOUTH CAROLINA

August 27, 2014

Clerk of Superior Court
Guilford County Courthouse
201 South Eugene Street
Greensboro, North Carolina 27401

     **RE:**    **FILING OF VERIFICATION**

Dear Clerk of Court:

     If you would be so kind, please file the original of the enclosed Verification of Complaint and return the copy to me in the self-addressed stamped envelope.

With best regards,

Michael A. Jones, Esq.

## LS

FILED

NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 6767

MICHAEL WOODS, an individual;       )
RAMONA WOODS, an individual; and    )
BNT AD AGENCY, LLC.                  )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )
                                     )
CITY OF GREENSBORO, North Carolina, a )
municipality, and the following current and )      **ACCEPTANCE OF SERVICE**
former members of the City Council in their )
official and individual capacities, TONY )
WILKINS, NANCY HOFFMAN, NANCY )
VAUGHAN, ZACK MATHENY, MARIKAY )
ABUZUAITER, T. DIANNE BELLAMY- )
SMALL,                               )
                                     )
                Defendants.          )

On behalf of Defendants Tony Wilkins, Nancy Hoffman, Mayor Nancy Vaughan, Zack Matheny, Marikay Abuzuaiter, and T. Dianne Bellamy-Small, all in their individual capacities, the undersigned counsel accepts service of the Amended Complaint and Civil Summons in the above-captioned action on the date of the signature below. The undersigned certifies that he has the authority to execute this Acceptance of Service on behalf of Defendants Tony Wilkins, Nancy Hoffman, Mayor Nancy Vaughan, Zack Matheny, Marikay Abuzuaiter, and T. Dianne Bellamy-Small, all in their individual capacities.

This the 11th day of August, 2014.

Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar. No. 35552
VAN LANINGHAM DUNCAN PLLC
300 N. Greene St., Suite 850
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
aduncan@vldlitigation.com
srussell@vldlitigation.com

*Counsel for Defendants Tony Wilkins, Nancy
Hoffman, Mayor Nancy Vaughan, Zack Matheny,
Marikay Abuzuaiter, and T. Dianne Bellamy-Small,
all in their individual capacities*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served by first class mail upon the following:

Tom Carruthers
Greensboro City Attorney's Office
P.O. Box 3136
Greensboro, NC 27402-3136
*Attorney for the City of Greensboro and
the current and former City Council
members in their official capacities*

Michael A. Jones
Michael A. Jones & Assoc., PLLC
100 East Parrish St., Suite 450
Durham, NC 27707
*Attorney for Plaintiffs*

Willie E. Gary
Gary, Williams, Parenti, Watson & Gary
2201 SE Osceola Street
Stuart, FL 34994
*Attorney for Plaintiffs*

James Leonard Brown
5900 Wilshire Blvd., Suite 2645
Los Angeles, CA 90036
*Attorney for Plaintiffs*

This the 11th day of August, 2014.

Alan W. Duncan
Alan W. Duncan

# MICHAEL A. JONES & ASSOCIATES, P.L.L.C.

### ATTORNEYS AT LAW

TELEPHONE: (919) 688-9882
FACSIMILE: (919) 688-5414
jonesmlaw@aol.com

100 EAST PARRISH STREET
CHANCELLOR BUILDING, SUITE 450
DURHAM, NORTH CAROLINA 27701

TOLL FREE: (877) 688-9887
LICENSED IN NORTH AND
SOUTH CAROLINA

August 20, 2014

Guilford County Clerk of Superior Court
c/o Civil Filing Division
201 South Eugene Street
Greensboro, North Carolina 27401

      **RE:**    **FILING OF ACCEPTANCE OF SERVICE**

Dear Clerk of Court:

      If you would be so kind, please file the enclosed Acceptance of Service and return the copies to my attention in the self-addressed stamped envelope.

      Thank you for your assistance in advance.

With best regards,

Michael A. Jones, Esq.

FILED

2014 AUG 11 AM 10:23

GUILFORD COUNTY, C.S.C.

BY _____ )

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

14 CVS 6767

AUG 2 0 2014

|  |  |
|---|---|
| MICHAEL WOODS, an individual; RAMONA WOODS, an individual; and BNT AD AGENCY, LLC. | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| CITY OF GREENSBORO, North Carolina, a municipality, and the following current and former members of the City Council in their official and individual capacities, TONY WILKINS, NANCY HOFFMAN, NANCY VAUGHAN, ZACK MATHENY, MARIKAY ABUZUAITER, T. DIANNE BELLAMY-SMALL | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**AMENDED COMPLAINT**

**NOW COMES** Michael Woods, Ramona Woods and BNT Ad Agency, LLC. by and through counsel, and hereby alleges against the City of Greensboro, North Carolina, and current and former City Council members, jointly and severally, as follows:

## PARTIES & JURISDICTION

1.     Plaintiff Michael Woods is a citizen and resident of Guilford County, North Carolina and a member of BNT Ad Agency, LLC. at all relevant times complained of herein. (hereinafter referred to as "**Plaintiff Michael Woods**").

2.     Plaintiff Ramona Woods is a citizen and resident of Guilford County, North Carolina and a member of BNT Ad Agency, LLC. at all relevant times complained of herein. (hereinafter referred to as "**Plaintiff Ramona Woods**").

3.     BNT Ad Agency, LLC. is a duly incorporated North Carolina limited liability company, providing family oriented network television programming, having its principal place of business located in Greensboro, Guilford County, North Carolina at all material times complained of herein (hereinafter referred to as **"Plaintiff BNT"**).

4.     The City of Greensboro is a body corporate under the laws of the state of North Carolina and existing within the County of Guilford, North Carolina and is capable of prosecuting and defending suits for or against the corporation for purposes of N.C. Gen. Stat. §160A-11. Defendant Greensboro is a public body for purposes of the applicable sections of the North Carolina General Statutes (hereinafter referred to as **"Defendant Greensboro"** and **"City of Greensboro"**).

5.     At all material times herein, Defendant Greensboro was managed and operated by the City Council of Greensboro (hereinafter referred to as the **"City Council"**).  And, each of the individual members comprising the City Council identified in Paragraphs 7 to 13 below, both current and former, are hereby sued in their official and individual capacities.

6.     Upon information and belief, Defendant Greensboro has waived immunity to the extent that the same is a protection for those claims to which it is applicable by the purchase of insurance or reinsurance.

7.     Defendant Tony Wilkins (hereinafter referred to as **"Defendant Wilkins"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

8.     Defendant Nancy Hoffman (hereinafter referred to as **"Defendant Hoffman"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

9.  Defendant Nancy Vaughan (hereinafter referred to as **"Defendant Vaughan"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

10. Defendant Zack Matheny (hereinafter referred to as **"Defendant Matheny"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

11  Defendant Marikay Abuzuaiter (hereinafter referred to as **"Defendant Abuzuaiter"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

12. Defendant T. Dianne Bellamy-Small (hereinafter referred to as **"Defendant Bellamy-Small"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a former member of the City Council at all relevant times complained of herein.

13. At all relevant times herein, Defendant Wilkins, Defendant Hoffman, Defendant Vaughn, Defendant Matheny, Defendant Abuzuaiter, and Defendant Bellamy-Small, each of whom are sued in their individual and official capacities, were at all times acting under the color of State law, to wit, under color of the statutes, ordinances, regulations, policies customs, practices and usages of the State of North Carolina.

## FACTUAL ALLEGATIONS

14. Paragraphs 1-13 of this Complaint are hereby fully realleged and reincorporated hereinafter.

15. Sometime in April 2013, Plaintiffs Michael and Ramona Woods, in their individual capacities and as managing members of Plaintiff BNT, discussed with various City of

Greensboro officials what a successful minority owned Greensboro-based television network would mean to the Greensboro community at-large in terms of job creation, skills and training in new industry, economic development and the potential of national and international exposure.

16.    At the time of these discussions with City of Greensboro officials, Plaintiff BNT had already invested more than $800,000.00 into the infrastructure, development and production of a situation comedy ("sitcom") known as Whatcha Cookin, scheduled for possible syndication for the upcoming 2014 television season upon completion of the final episodes.

17.    Various members of the City of Greensboro's Economic and Business Development office concurred that Defendant Greensboro should support the Whatcha Cookin sitcom project.

18.    Defendant Greensboro subsequently suggested and recommended that Plaintiff BNT submit an application for a loan and agreed to assist Plaintiff BNT in framing an application for a $300,000.00 ten year, economic development loan for presentation to the City Council.

19.    Upon the recommendation of Greensboro City officials, Plaintiff BNT invited the entire City Council to its studio to present the status of the economic development already in progress along with the Whatcha Cookin sitcom project, and to outline Plaintiff BNT's needs for additional funds to complete shooting the final episodes necessary for syndication of the Whatcha Cookin sitcom in time for the 2014 television season.

20.    Defendant Greensboro's $300,000.00 economic development loan to Plaintiff BNT was to be secured by Plaintiff Michael and Ramona Woods' personal residence located in

Greensboro, North Carolina, which had more than enough equity to fully collateralize the loan.

21.   The amount of equity in the Plaintiffs' residence was confirmed by a May 28, 2013 appraisal performed by LR Appraisals, Inc., who was chosen as the appraiser of choice by Defendant Greensboro. The appraisal confirmed a value of $975,000.00, resulting in equity well over the $300,000.00 loan, after consideration of all existing loans secured by the residence.

22.   The $300,000.00 loan to Plaintiff BNT was approved by Defendant Greensboro at the June 18, 2013 meeting of the Greensboro City Council by a 7 to 2 vote.

23.   Plaintiff BNT had made it expressly clear to Defendant Greensboro that because of certain critical timing issues involved, time was of the essence in completing the remaining episodes and prompt funding and disbursement of the approved loan was critical.

24.   Following the June 18, 2013 loan approval, and in reasonable reliance upon assurances by Defendant Greensboro that the funds would be forthcoming within a matter of a few days, Plaintiff BNT immediately made substantial financial commitments, including shooting five (5) more of the required thirteen (13) Whatcha Cookin episodes, and gave assurances to the industry that the sitcom project would be ready as scheduled.

25.   Following the June 18, 2013 City Council vote, it was brought to the Plaintiffs' attention that the Resolution drafted would have to be amended to reflect that Defendant Greensboro's security interest would be a third-position lien rather than a second-position lien security interest.

26.   Plaintiff BNT and the Plaintiffs Michael and Ramona Woods were informed that this

amendment was required because the Resolution initially drafted by the Greensboro City Attorney's office stated that the loan would be secured by a note and deed of trust with Defendant Greensboro's interest secured by "no more than a second lien" on the real property and improvements.

27.    The Resolution was drafted, despite the fact that, prior to placing the loan on the June 18, 2013 agenda, Defendant Greensboro had full details regarding the amount and nature of the liens against the Plaintiffs' residence, including the fact that there was already a first and a second lien against the property.

28.    Under the existing circumstance, Plaintiffs Michael and Ramona Woods and Plaintiff BNT, were under the reasonable impression and led to believe that the purpose of the special meeting by the City Council was perfunctory in nature and solely for the purpose of correcting language in the Resolution to state that the city of Greensboro's interest would be secured by "no less than a third (instead of a second) lien."

29.    Notwithstanding all of the prior assurances made on June 18, 2013 and thereafter, Defendant Greensboro reneged on its loan approval at a July 16, 2013 City Council meeting, using as a pretext, that it was not willing to take a third-position security interest rather than a second-position security interest.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. §§ 1981, 1983 OF THE EQUAL PROTECTION CLAUSES TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION & ARTICLE I, SEC. 19 OF THE NORTH CAROLINA CONSTITUTION

30.    Paragraphs 1-29 of this Complaint are hereby fully realleged and reincorporated hereinafter.

31.    At all material times to this action, Sections 1981 and 1983 of the Civil Rights Act of

1866 (42 U.S.C. Section 1981, and 1983) provide redress for violations of constitutionally guaranteed rights, including, without limitation, rights guaranteed under the Equal Protection Due Process Clause of the 14th Amendment.

32. Article I, Section 19 of the North Carolina Constitution states that: "No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin."

33. Said constitutional and statutory provisions were in full force and effect during all times relevant to this action.

34. As a minority-owned limited liability company owned, that acquired an imputed racial identity as an African American company, Plaintiff BNT and Plaintiffs Michael and Ramona Woods, were within a protected class and entitled to the protections of the constitutional and statutory provisions alleged herein, including, without limitation, the equal protection clause of the 14 Amendment of the of the U.S. Constitution, the provisions of 42 U.S.C. §§ 1981 and 1983, and Article I, Section 19 of the N.C. Constitution.

35. Plaintiff BNT and Plaintiffs Michael and Ramona Woods were fully qualified to be awarded the loan for which it applied and indeed was initially approved.

36. Upon information and belief, the Defendants subsequently reneged upon and denied Plaintiffs' loan on an intentional discriminatory basis, while concocting the pretext that such loan was being denied due to a third-position security interest.

37. Plaintiff BNT and Plaintiffs Michael and Ramona Woods were treated differently from white citizens and non-minority owned businesses, as a matter of course, who have applied for and been approved through the same loan process evidenced as follows:

(a)     Defendants' refusal to amend the closing conditions to allow Defendant Greensboro to take a third, but fully secured, position (behind the Plaintiffs' first mortgage and equity line of credit) constituted a de facto revocation of the prior loan approval.

(b)     Because there was sufficient equity in the property to fully secure Greensboro's loan, irrespective of whether the City's equity position was ranked second or third, that rationale was a pretext for discriminating against Plaintiffs by revoking the loan, and was not a genuine, non-discriminatory good faith reason.

(c)     Upon information and belief, the City Council has approved prior loans for non African-American applicants where Defendant Greensboro's secured position was third. And in any event the Plaintiffs were not offered or afforded the chance to consolidate the first mortgage and the equity line of credit into one first lien, so that Defendant Greensboro's secured position "would be no less than a second," if that were truly a good faith concern.

(d)     Flowing the meeting, on July 18, 2013 Plaintiff BNT sent an email to Greensboro's City Attorney, Mike Williams requesting clarification, which stated (in part): "In reference to the amendment on July 16[th] set into motion by Councilman Matheny, am I correct in assuming that this motion that was passed means that the first approval from June 18[th] is still active and as long as the requirement of the city being in second position is met, the first resolution to grant us the loan still stands? Is this correct?" Neither Defendant Greensboro not City Council responded to the question.

(e)     At all material times pertinent hereto, and upon information and belief, over the past 24 to 36 months, the City Council has chosen to break their own rules, rewrite the

guidelines, or simply dismiss legal grounds altogether to support projects that are non-African American or Hispanic in nature.

(f)     The City Council in January 2013 created a new incentive program in order to give a local developer, Kotis Holdings, an $850,000.00 loan. The loan was then guaranteed with a third lien position after principals tied a personal residence to the deal as collateral. This loan was approved months before Plaintiff BNT was awarded the $300,000.00 loan which was then reneged upon after the City Council stated they could not take a third position lien on Plaintiffs' loan.

(g)     In August 2013 Defendant Matheny brought to the table Gerbing, a Stoneville high tech manufacturing clothing company, which wanted to move its headquarters downtown. Gerbing planned to spend $233,384.00 to outfit a new office and hire 25 people. Def.00endant Greensboro and City Council moved to draft a new incentive policy that would give Gerbing $125,000.00 grant up front. City Council decided not to approve the policy change, but it still gave Gerbing the grant money. This is a clear example of Defendant Greensboro's and City Council's stance to continuously rewrite their own rules and change their guidelines to accommodate non African/Hispanic companies.

(h)     On or about November 2013 the City Council voted in favor of the Nussbaum Center for Entrepreneurship to convert a 20-year $1,275,000.00 loan into a grant. Defendants cited the nonprofit business incubators' success at job creation as reason enough to allow it to default on not one, but two promissory notes it had made. This is the same company that defaulted on paying an initial $75,000.00 no interest loan that was awarded by City Council in 2001. The Nussbaum Center for Entrepreneurship failed to

repay the first $75,000.00 loan after 10 years. In addition it failed to pay the second loan of $1,200,000.00. Despite defaulting on two loans, the City Council voted to convert both loans into a grant.

(i)     In April 2014, City Council awarded Self Help a $2,000,000.00 forgivable loan to cover the $450,000.00 purchase price and renovation of a building on Phillips Avenue. In the name of economic development, Defendant Greensboro and City Council discriminates by awarding free money to non-minorities to develop projects in African/Hispanic communities; however, neither loans nor grants are awarded to qualified African American/Hispanic applicants.

(j)     Defendant Greensboro and City Council attempted in 2014 to renege on a $1.5 million dollar loan given to the International Civil Rights Museum after finding out that the documents on the loan were never signed and that Defendant Greensboro had already paid out $750,000.00 of the loan. This oversight caused then City Attorney Mujeeb Shah-Khan to resign from his position. The Civil Rights Museum's interim Chairwoman, Deena Hayes stated that "there seems to be a higher standard that exist when it comes to how African American companies are treated in this city."

(k)     An opinion from an outside law firm and an attorney employed by Defendant Greensboro agreed that even though there was no contract signed, City Council agreed in good faith and the loan was valid and enforceable. It went on to say that City Council's vote which approved the loan was tantamount to a written agreement.

(l)     Mel's Pressure Washing, which was a city employee immediate relative's company, received $450,000.00 in business over a 6 year period despite their not being

any contract on record or a bid approval for the work that was done. The City Council stated it planned an investigation of the matter.

(m)     Greensboro Parking Group, LLC., a company developing a for-profit downtown parking lot and restaurant in 2012 received nearly $200,000.00 in low-interest loan money from Defendant Greensboro, despite repeatedly missing deadlines and benchmarks for progress. The project that was scheduled to be finished a year ago, is still not completed.

(n)     Under the contract, the first $100,000.00 was to be invested in parking lot improvements, but the second $100,000.00 was not to be released until all other improvements to the property were completed with private bank loans. The company got the deadline extended to December 31, 2013.

(o)     More than five (5) months past the extension the project is still not completed; nor have the full and part time positions promised materialized. Yet, Defendant Greensboro and the City Council still released the $100,000.00 to a company that had already defaulted.

(p)     Based on the findings of a 2012 Disparity Study, Defendant Greensboro and the City Council has consistently treated minority and MWBE businesses unfairly over the past eight (8) years. Exhibit 4-8 on the Disparity Study shows of the $92,402,811.00 that was spent between 2006 to 2010 less than $199,000.00 was spent with African American firms. This pattern of behavior reflects a continued economic discrimination towards African American, women and Latin American companies. This Disparity Study statistically supports Plaintiffs' claim of unfair treatment, discrimination, and conspiracy to prevent equal opportunity to minorities.

38.   Defendants, jointly and severally, have denied Plaintiff BNT and Plaintiffs Michael and Ramona Woods equal protection when, acting as a governmental entity, under the color of law, failed to follow prescribed procedures related to the awarding and then reneging of Plaintiffs' loan approval.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1983 OF THE DUE PROCESS**
**CLAUSE TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION**

39.   Paragraphs 1-38 of this Complaint are hereby fully realleged and reincorporated hereinafter.

40.   Defendants while acting under color of law denied Plaintiff BNT and Plaintiffs Michael and Ramona Woods their right to due process and equal protection under the law.

41.   While acting under color of law, the Defendants violated their own policies and procedures after having first approved the loan to Plaintiffs and then arbitrarily reneging on the loan due to solely and in substantial part to the Plaintiffs' protected status as a minorities and a minority-owned business.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1986 BY NEGLIGENT**
**FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS**

42.   Paragraphs 1-41 of this Complaint are hereby fully realleged and reincorporated hereinafter.

43.   The Defendants, jointly and severally, negligently failed and refused to act so as to restrain the deprivation of Plaintiff BNT's and Plaintiff Michael and Ramona Woods' constitutional rights, including the right to be free from discrimination based upon race in the approval and subsequent reneging and refusal to follow through with the loan commitment made to Plaintiffs.

44.     As a direct and proximate cause of the conduct of Defendants, and each of them, Plaintiff

         BNT and Plaintiffs Michael and Ramona Woods were deprived of their rights secured by

         law, including its 14th Amendment substantive due process rights and rights of equal

         protection, including its rights to freedom from race discrimination, despite having met

         all of the application qualification required by the Defendants.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

45.     Paragraphs 1-44 of this Complaint are hereby fully realleged and reincorporated

         hereinafter.

46.     Upon the submission of Plaintiffs' completed loan application, its subsequent review by

         Defendant Greensboro, and the 7 to 2 vote of the City Council approving the loan by the

         passage of a Resolution on June 18, 2013, a legally valid and enforceable mutual contract

         along with all attendant contractual obligations existed between the parties.

47.     Defendant Greensboro breached the contract between the parties on July 16, 2013 by

         failing and expressly refusing to follow through with its contractual obligation to disburse

         loan proceeds to Plaintiff BNT as contemplated under the agreement between the parties.

48.     As a result of Defendant Greensboro's and City Council's intentional breach of contract,

         Plaintiffs did suffer and continues to suffer financial and other economic harm, as all

         parties expressly understood that time was of the essence in performance under the

         contract.

### FIFTH CAUSE OF ACTION
### CONSPIRACY

49.     Paragraphs 1-48 of this Complaint are hereby fully realleged and reincorporated

         hereinafter.

50. Acting under color of law, and in their individual capacities, the Defendants, collectively and individually, did unlawfully conspire among themselves and agreed to engage in the acts set forth herein this Complaint.

51. The Defendants, acting under color of law, collectively and individually, did agree to unlawfully deny Plaintiffs' funding which had been previously approved, based solely and substantially upon all Plaintiffs' racial status and classification of being African American.

52. As a direct and proximate cause of unlawful conduct of the Defendants, acting under color of law, collectively and individually, all Plaintiffs were deprived of their rights and sustained damage as alleged herein.

### SIXTH CAUSE OF ACTION
### UNFAIR &DECEPTIVE TRADE PRACTICES
### VIOLATION OF N.C. GEN. STAT. §75-1.1 ET. SEQ.

53 Paragraphs 1-52 of this Complaint are hereby fully realleged and reincorporated hereinafter.

54. As pled with more specificity, Plaintiff BNT and Plaintiffs Michael and Ramona Woods, hereby asserts that, Defendant Greensboro and City Council did engage in prohibited business conduct that adversely affects commerce.

55. Sometime between April 2013 and June 2013, Plaintiffs commenced an application process for a $300,000.00 loan from Defendant Greensboro. Having fully completed the application, obtained a residential appraisal, and complied with all other guidelines, Plaintiffs submitted the application for approval by Defendant Greensboro and city Council.

56. On or about June 18, 2013, after having reviewed Plaintiffs' loan application, Defendants

approved the $300,000.00 loan via Resolution, promised disbursement of the proceeds within mere days thereafter, and was fully aware that time was of the essence.

57.     Subsequent to that time, on or about July 16, 2013, Defendants reneged on their commitment to follow through with its obligation to honor any part of its loan commitment.

58.     Plaintiff BNT and Plaintiffs Michael and Ramona Woods reasonably relied upon, to their detriment, Defendant Greensboro's and city Council's assertions that they would extend such a loan to Plaintiffs and that they would disburse such funds immediately as they realized time was of the essence.

59.     Plaintiffs were induced into completing the loan application and entering into other financial commitments to its detriment, based upon these initial representations made by Defendant Greensboro.

60.     Defendant Greensboro did breach its contractual obligations with Plaintiffs based in substantial part due to racial discrimination and unlawful conspiracy during the loan process.

61.     The current economic harm experienced by Plaintiffs is a direct and proximate cause of the unlawful, unfair and deceptive trade practices of Defendant Greensboro and City Council.

## <u>CLAIM FOR RELIEF</u>

WHEREFORE, the Plaintiffs respectfully prays the Court:

1.      For judgment against the Defendants, jointly and severally, for compensatory, incidental and consequential damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00);

2. For an award of all pre-judgment and post-judgment interest as allowed by law;

3. That treble damages be awarded to Plaintiffs against the Defendants, jointly and severally for violation of N.C. Gen. Stat. § 75-1.1;

4. That the costs of this action be taxed to the Defendants, including an award of attorneys' fees, as allowed by law;

5. For trial by jury on all justicable issues raised in this Complaint; and

6. For such other relief that the Court deems just and proper.

This the 11th day of August 2014.

**Pro Hac Vice Motion To Be Submitted**
Willie E. Gary, Esq.
Gary, Williams, Parenti, Watson & Gary
221 SE Osceola Street
Stuart, Florida 34994
(772) 283-8260

**Pro Hac Vice MotionTo Be Submitted**
James Leonard Brown, Esq.
A Professional Corporation
5900 Wilshire Boulevard, Suite 2645
Los Angeles, California 90036
(213) 251-2332

Michael A. Jones, Esq.
Michael A. Jones & Associates, PLLC.
Chancellor Building
100 East Parrish Street, Suite 450
Durham, North Carolina 27707
N.C. State Bar No 19099
(919) 688-9882

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Summons & Amended Complaint was served on the Defendants via personal hand-delivery, addressed as follows:

I.      Mr. Tom Carruthers, Interim City Attorney
Greensboro City Attorney's Office
300 West Washington Street
Greensboro, North Carolina 27402-2320
Attorney for the following Defendants in their Official Capacity

         Mayor Nancy Vaughan
City of Greensboro / Greensboro City Council
300 West Washington Street
Greensboro, North Carolina 27401
(Defendant City of Greensboro / Greensboro City Council)

         Mr. Tony Wilkins (Council Member)
Post Office Box 3136
Greensboro, North Carolina 27402-3136

         Ms. Nancy Vaughan (Council Member)
902 Sunset Drive
Greensboro, North Carolina 27408

         Ms. Nancy Hoffman (Council Member)
57 Folkestone Drive
Greensboro, North Carolina 27403

         Ms. Marikay Abuzuaiter (Council Member)
3601 Brassfield Oak Drive
Greensboro, North Carolina 27410

         Ms. T. Dianne Bellamy-Small (Council Member)
3211 Delmonte Drive
Greensboro, North Carolina 27406

         Mr. Zach Matheny (Council Member)
Post Office Box 3136
Greensboro, North Carolina 27402-3136

II.    Mr. Alan W. Duncan, Esq.
       300 North Green Street
       Greensboro, North Carolina  27401
       Attorney for the following individual Defendants:

              Mr. Tony Wilkins
              Post Office Box 3136
              Greensboro, North Carolina 27402-3136

              Ms. Nancy Vaughan
              902 Sunset Drive
              Greensboro, North Carolina 27408

              Ms. Nancy Hoffman
              57 Folkestone Drive
              Greensboro, North Carolina 27403

              Ms. Marikay Abuzuaiter
              3601 Brassfield Oak Drive
              Greensboro, North Carolina 27410

              Ms. T. Dianne Bellamy-Small
              3211 Delmonte Drive
              Greensboro, North Carolina 27406

              Mr. Zach Matheny
              Post Office Box 3136
              Greensboro, North Carolina 27402-3136


                            This the 11th day of June 2014.

                            Michael A. Jones, Esq.
                            Chancellor Building
                            100 East Parrish Street, Suite 450
                            Durham, North Carolina 27707
                            N.C. State Bar No 19099
                            (919) 688-9882

# STATE OF NORTH CAROLINA

_____ GUILFORD _____ County

▶ File No.

14 CVS 6767

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff** | |
| Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C. | |
| **Address** | |
| | |
| **City, State, Zip** | |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

| | |
|---|---|
| **Name Of Defendant(s)** | **Date Original Summons Issued** |
| City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne Bellamy-Small | 06-18-2014 |
| | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| **Name And Address Of Defendant 1** | **Name And Address Of Defendant 2** |
|---|---|
| c/o Mr. Jim Westmoreland, Greensboro City Manager | c/o Mayor Nancy Vaughan |
| City of Greensboro | City of Greensboro / Greensboro City Council |
| 300 West Washington Street | 300 West Washington Street |
| Greensboro          NC   27401 | Greensboro                    NC      27401 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| **Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)** | **Date Issued** | **Time** |
| Mr. Michael A. Jones, Esq. | 8|11|14 | 10 : 14  ☒ AM  ☐ PM |
| The Chancellor Building          NC Bar No. 19099 | **Signature** | |
| 100 E. Parrish Street #450        (919) 688-9882 | _Mm Mz_ | |
| Durham                              NC   27701 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)** | **Date Of Endorsement** | **Time**  ☐ AM  ☐ PM |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Signature** | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

_____ GUILFORD _____ County

File No.

**14 CVS 6767**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff* | |
| Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C. | **CIVIL SUMMONS** |
| *Address* | |
| *City, State, Zip* | ☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

G.S. 1A-1, Rules 3, 4

**VERSUS**

| | |
|---|---|
| *Name Of Defendant(s)* | *Date Original Summons Issued* |
| City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne Bellamy-Small | 06-18-2014 |
| | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Mr. Tony Wilkins (City Council Member) | Mayor Nancy Vaughan (City Council Member) |
| Post Office Box 3136 | 902 Sunset Drive |
| Greensboro                NC   27402-3136 | Greensboro                NC   27401 |

FILED
2014 AUG 11 AM 10: 14
GUILFORD COUNTY, C.S.C.
BY

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| Mr. Michael A. Jones, Esq. | 8 11 14 | 10:14 | ☒ AM ☐ PM |
| The Chancellor Building          NC Bar No. 19099 | *Signature* | | |
| 100 E. Parrish Street #450       (919) 688-9882 | | | |
| Durham                           NC   27701 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT (ASSESS FEE)** | *Date Of Endorsement* | *Time* | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ PM |
| | *Signature* | | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

▶ File No.

14 CVS 6767

_____ GUILFORD _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C. |

Address

City, State, Zip

**CIVIL SUMMONS**
☑ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne Bellamy-Small |

Date Original Summons Issued
06-18-2014

Date(s) Subsequent Summons(es) Issued

➕

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Mr. Tony Wilkins | Ms. Nancy Vaughan |
| Post Office Box 3136 | 902 Sunset Drive |
| Greensboro          NC   27402-3136 | Greensboro          NC      27401 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Mr. Michael A. Jones, Esq. | 8/11/14 | 10:14 | ☒ AM ☐ PM |
| The Chancellor Building          NC Bar No. 19099 | Signature | | |
| 100 E. Parrish Street #450          (919) 688-9882 | ☑ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |
| Durham          NC   27701 | | | |

| ☐ ENDORSEMENT (ASSESS FEE) This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

_____GUILFORD_____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*
Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C.

*Address*

*City, State, Zip*

**VERSUS**

## CIVIL SUMMONS
☑ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

*Name Of Defendant(s)*
City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy
Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne
Bellamy-Small

*Date Original Summons Issued*
06-18-2014

*Date(s) Subsequent Summons(es) Issued*

---

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Ms. Marikay Abuzuaiter | Ms. Nancy Hoffman |
| 3601 Brassfield Oak Drive | 57 Folkestone Drive |
| Greensboro           NC  27410 | Greensboro           NC      27403 |

---

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| Mr. Michael A. Jones, Esq. | 8/11/14 | 10:14 | ☒ AM ☐ PM |
| The Chancellor Building          NC Bar No. 19099 | *Signature* | | |
| 100 E. Parrish Street #450          (919) 688-9882 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |
| Durham          NC  27701 | | | |

---

| ☐ **ENDORSEMENT (ASSESS FEE)** | *Date Of Endorsement* | *Time* | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM ☐ PM |
| | *Signature* | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

---

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

File No.

14 CVS 6767

_____ GUILFORD _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C. | **CIVIL SUMMONS** |
| Address | ☑ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| City, State, Zip | G.S. 1A-1, Rules 3, 4 |

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne Bellamy-Small [+] | 06-18-2014 |
| | Date(s) Subsequent Summons(es) Issued |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Ms. Marikay Abuzuaiter  (City Council Member) | Ms. Nancy Hoffman  (City Council Member) |
| 3601 Brassfield Oak Drive | 57 Folkestone Drive |
| Greensboro                    NC  27410 | Greensboro                    NC      27403 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☒ AM |
|---|---|---|---|
| Mr. Michael A. Jones, Esq. | 8/11/14 | 10:14 | ☐ PM |
| The Chancellor Building          NC Bar No. 19099 | Signature | | |
| 100 E. Parrish Street #450          (919) 688-9882 | | | |
| Durham                    NC  27701 | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ **ENDORSEMENT (ASSESS FEE)** | Date Of Endorsement | Time | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

File No.

14 CVS 6767

_____GUILFORD_____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C.

**Address**

**City, State, Zip**

**VERSUS**

**Name Of Defendant(s)**
City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne Bellamy-Small

**CIVIL SUMMONS**
☑ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**Date Original Summons Issued**
06-18-2014

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**

Ms. T. Dianne Bellamy-Small

3211 Delmonte Drive

Greensboro                    NC   27406

**Name And Address Of Defendant 2**

Mr. Zack Matheny

Post Office Box 3136

Greensboro                    NC   27402-3136

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
Mr. Michael A. Jones, Esq.

The Chancellor Building          NC Bar No. 19099

100 E. Parrish Street #450       (919) 688-9882

Durham                          NC   27701

**Date Issued**
6/11/14

**Time**
10:14      ☒ AM
           ☐ PM

**Signature**

☑ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**                **Time**         ☐ AM
                                                        ☐ PM
**Signature**

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

_____ GUILFORD _____ County

File No.
14 CVS 6767

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| _Name Of Plaintiff_<br>Michael Woods, Ramona Woods and BNT Ad Agency, L.L.C.<br>_Address_<br><br>_City, State, Zip_<br><br>**VERSUS** | **CIVIL SUMMONS**<br>☑ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**<br>G.S. 1A-1, Rules 3, 4 |

_Name Of Defendant(s)_
City of Greensboro, Tony Wilkins, Nancy Hoffman, Nancy Vaughan, Zach Matheny, Marikay Abuzuaiter , T. Dianne Bellamy-Small ➕

_Date Original Summons Issued_
06-18-2014

_Date(s) Subsequent Summons(es) Issued_

## To Each Of The Defendant(s) Named Below:

| _Name And Address Of Defendant 1_ | _Name And Address Of Defendant 2_ |
|---|---|
| Ms. T. Dianne Bellamy-Small   (Former City Council Member)<br>3211 Delmonte Drive<br>Greensboro                                            NC   27406 | Mr. Zack Matheny  (City Council Member)<br>Post Office Box 3136<br>Greensboro                                  NC    27402-3136 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| _Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)_<br>Mr. Michael A. Jones, Esq.<br>The Chancellor Building<br>100 E. Parrish Street #450<br>Durham                                   NC   27701<br>NC Bar No. 19099<br>(919) 688-9882 | _Date Issued_<br>6/11/14 | _Time_<br>10:14 | ☒ AM<br>☐ PM |
| | _Signature_<br>_[signature]_<br>☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | _Date Of Endorsement_ | _Time_ | ☐ AM<br>☐ PM |
| | _Signature_<br>☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

Guilford County Clerk of Superior Court
CIVIL RECEIPTING

Payor Name: Woods, Michael
(Party to Case)

14CVD6767
FILE NUMBER

Payee Name: Michael A Jones
(Pd by: attorney, interested party, etc.)

| Flag for VCAP = YES | Flag for VCAP = NO |
|---|---|
| **FILING FEES:** | **FILING FEES:** |
| (original/counterclaim/cross-claim) | ☐ CDDC Divorce/Disp. Home  $ 225.00 |
| ☐ CVSC  Superior      $ 200.00 | ☐ CVDC Domestic        $ 150.00 |
| ☐ CVDC  District      $ 150.00 | |
| ☐ CVMC  Small Claim  $ 96.00 | |
| **JUDGMENT ABSTRACTING   JMT_____** | **MISCELLANEOUS FEES:** |
| ☐ FULL        ☐ PARTIAL | ☐ MISC FILING FEE   21435 $_____ |
| | (CLOL,LISP,LIENS) |
| ☐ JUDGMENT     26115 $_____ | ☐ COPY ($3 OR LESS)  21400 $_____ |
| ☐ ARBITRATION (JA) M#S  26115 $... | ☐ COPY ($3 OR MORE)  21410 $_____ |
| ☐ MOTION NOTICE FEE   21450 $ | ☐ CONFESSION OF |
| ☑ A&P/ENDORSEMENTS   21455 $ 15 | JUDGMENT     21400 $_____ |
| ☐ PRO HAC VICE | ☐ TRIAL DE NOVO   24310 $_____ |
| 24626 $ 25.00 | ☐ CIVIL BONDS    26210 $_____ |
| 24625 $ 200.00 | ☐ RESUMPTION    21400 $_____ |
| ☐ BUSINESS COURT | ☐ |
| 21220 $ 1000.00 | OTHER      ACCOUNT # |
| **DATE:**  8/11/14  KM | **TOTAL:** $15 |

# LS

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 6767

MICHAEL WOODS, an individual; )
RAMONA WOODS, an individual; )
and BNT AD AGENCY, LLC, )
)
     Plaintiffs, )
)
     v. )
)
CITY OF GREENSBORO, NORTH CAROLINA, )
a municipality, and the following current )
and former members of the City Council )
in their official and individual capacities, )
TONY WILKINS, NANCY HOFFMAN, )
NANCY VAUGHAN, ZACK MATHENY, )
MARIKAY ABUZUAITER, T. DIANNE )
BELLAMY-SMALL, )
)
     Defendants. )

**DEFENDANT CITY OF GREENSBORO'S**
**ACCEPTANCE OF SERVICE**

     The undersigned attorney for Defendant City of Greensboro, being duly sworn, states

that Defendant City of Greensboro has granted him authority to accept service of process on

behalf Defendant City of Greensboro (including current and former City Council members sued

in their official capacities) in this pending matter. The undersigned acknowledges that he

received and accepted the Civil Summons and Amended Complaint in this case on August 11,

2014. This Acceptance of Service is intended to have the same effect as would exist had

process been served upon Defendant City of Greensboro and current and former City Council

members sued in their official capacities according to Rule 4(j)(5)a of the N.C. Rules of Civil

Procedure.

This the _11th_ day of August 2014

By: _[signature]_

Tom Carruthers
N.C. State Bar No. 13447
Greensboro City Attorney's Office
Attorneys for Defendant City of Greensboro
P.O. Box 3136
Greensboro, NC 27402-3136
Phone: 336-373-2320
Fax: 336-373-2078
Email: tom.carruthers@greensboro-nc.gov

Sworn to and subscribed before me

this the _11th_ day of August 2014.

_[signature] Karen C. Baker_
Notary Public

KAREN C. BAKER
NOTARY PUBLIC
GUILFORD COUNTY, NC
My Commission Expires June 4, 2019

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served Defendant City of Greensboro's Acceptance of Service via U.S. Mail upon the attorney for each party as follows:

<u>Attorneys for Plaintiffs</u>:

Willie Gary
Gary, Williams, Parenti, Watson & Gary
221 SE Osceola Street
Stuart, FL 34994
Phone: 772-283-8260

James Leonard Brown PC
5900 Wilshire Blvd., Ste. 2645
Los Angeles, CA 90036
Phone: 213-251-2332

Michael A. Jones
N.C. State Bar No. 19099
Michael A. Jones & Associates, PLLC
100 East Parrish Street, Ste. 450
Durham, NC 27707

<u>Attorney for Individual Defendants</u>
<u>(in their individual capacities)</u>:

Alan Duncan
Steve Russell
Van Laningham Duncan PLLC
300 N. Greene Street, Ste. 850
Greensboro, NC 27401

This the _11_ day of August 2014

By: _____

Tom Carruthers
N.C. State Bar No. 13447
Greensboro City Attorney's Office
Attorneys for Defendant City of Greensboro
P.O. Box 3136
Greensboro, NC 27402-3136
Phone: 336-373-2320
Fax: 336-373-2078
Email: tom.carruthers@greensboro-nc.gov

Page 3 of 3

# STATE OF NORTH CAROLINA

_____ GUILFORD _____ County

FILED

2014 JUN 18 AM 8:19

GUILFORD COUNTY C.S.C.

BY _____

File No. **14 cvs 6767**

In The General Court Of Justice
☐ District ☒ Superior Court Division

## GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

| | |
|---|---|
| *Name And Address Of Plaintiff 1*<br>Michael Woods | *Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*<br>Michael A. Jones, Esq.<br>Michael A. Jones & Associates, PLLC.<br>100 E. Parrish Street, Suite450<br>Durham                                NC      27701 |

| | | |
|---|---|---|
| *Name And Address Of Plaintiff 2*<br>Ramona Woods | | |

| | |
|---|---|
| *Telephone No.*<br>919-688-9882 | *Cellular Telephone No.* |
| *NC Attorney Bar No.*<br>19099 | *Attorney E-Mail Address* |

### VERSUS

*Name Of Defendant 1*
City of Greensboro
c/o Mr. Jim Westmoreland, City Manager
300 West Washington Street
Greensboro                        NC      27401

Summons Submitted ☒ Yes ☐ No

☒ Initial Appearance in Case                ☐ Change of Address

*Name Of Firm*

*Name Of Defendant 2*
City of Greensboro / City Council
c/o Mayor Nancy Vaughn
300 West Washington Street
Greensboro                        NC      27401

Summons Submitted ☒ Yes ☐ No

*FAX No.*
919-688-5414

*Counsel for*
☒ All Plaintiffs   ☐ All Defendants   ☐ Only *(list party(ies) represented)*

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) *(see Note)*
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

*(check all that apply)*
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

*(Over)*

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 6767

MICHAEL WOODS, an individual;       )
RAMONA WOODS, an individual;       )
and BNT AD AGENCY, LLC.            )
                                    )
                    Plaintiffs,     )
                                    )
        vs.                         )              **COMPLAINT**
                                    )
CITY OF GREENSBORO, North Carolina, )
a municipality, and the following current and )
former members of the City Council in their )
official and individual capacities, TONY )
WILKINS, NANCY HOFFMAN, NANCY )
·VAUGHN, ZACK MATHENY, MARIKAY )
ABUZUAITER, T. DIANNE BELLAMY- )
SMALL                               )
                                    )
                    Defendants.     )

    **NOW COMES** Michael Woods, Ramona Woods and BNT Ad Agency, LLC. by and

through counsel, and hereby alleges against the City of Greensboro, North Carolina, and current

and former City Council members, jointly and severally, as follows:

## PARTIES & JURISDICTION

1.    Plaintiff Michael Woods is a citizen and resident of Guilford County, North Carolina and

    a member of BNT Ad Agency, LLC. at all relevant times complained of herein.

    (hereinafter referred to as "**Plaintiff Michael Woods**").

2.    Plaintiff Ramona Woods is a citizen and resident of Guilford County, North Carolina and

    a member of BNT Ad Agency, LLC. at all relevant times complained of herein.

    (hereinafter referred to as "**Plaintiff Ramona Woods**").

3. BNT Ad Agency, LLC. is a duly incorporated North Carolina limited liability company, providing family oriented network television programming, having its principal place of business located in Greensboro, Guilford County, North Carolina at all material times complained of herein (hereinafter referred to as "**Plaintiff BNT**").

4. The City of Greensboro is a body corporate under the laws of the state of North Carolina and existing within the County of Guilford, North Carolina and is capable of prosecuting and defending suits for or against the corporation for purposes of N.C. Gen. Stat. §160A-11. Defendant Greensboro is a public body for purposes of the applicable sections of the North Carolina General Statutes (hereinafter referred to as "**Defendant Greensboro**" and "**City of Greensboro**").

5. At all material times herein, Defendant Greensboro was managed and operated by the City Council of Greensboro (hereinafter referred to as the "**City Council**"). And, each of the individual members comprising the City Council identified in Paragraphs 7 to 13 below, both current and former, are hereby sued in their official and individual capacities.

6. Upon information and belief, Defendant Greensboro has waived immunity to the extent that the same is a protection for those claims to which it is applicable by the purchase of insurance or reinsurance.

7. Defendant Tony Wilkins (hereinafter referred to as "**Defendant Wilkins**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

8. Defendant Nancy Hoffman (hereinafter referred to as "**Defendant Hoffman**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

9. Defendant Nancy Vaughn (hereinafter referred to as **"Defendant Vaughn"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

10. Defendant Zack Matheny (hereinafter referred to as **"Defendant Matheny"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

11 Defendant Marikay Abuzuaiter (hereinafter referred to as **"Defendant Abuzuaiter"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

12. Defendant T. Dianne Bellamy-Small (hereinafter referred to as **"Defendant Bellamy-Small"**) upon information and belief is a citizen and resident of Guilford County, North Carolina and a former member of the City Council at all relevant times complained of herein.

13. At all relevant times herein, Defendant Wilkins, Defendant Hoffman, Defendant Vaughn, Defendant Matheny, Defendant Abuzuaiter, and Defendant Bellamy-Small, each of whom are sued in their individual and official capacities, were at all times acting under the color of State law, to wit, under color of the statutes, ordinances, regulations, policies customs, practices and usages of the State of North Carolina.

## **FACTUAL ALLEGATIONS**

14. Paragraphs 1-13 of this Complaint are hereby fully realleged and reincorporated hereinafter.

15. Sometime in April 2013, Plaintiffs Michael and Ramona Woods, in their individual capacities and as managing members of Plaintiff BNT, discussed with various City of

Greensboro officials what a successful minority owned Greensboro-based television network would mean to the Greensboro community at-large in terms of job creation, skills and training in new industry, economic development and the potential of national and international exposure.

16. At the time of these discussions with City of Greensboro officials, Plaintiff BNT had already invested more than $800,000.00 into the infrastructure, development and production of a situation comedy ("sitcom") known as Whatcha Cookin, scheduled for possible syndication for the upcoming 2014 television season upon completion of the final episodes.

17. Various members of the City of Greensboro's Economic and Business Development office concurred that Defendant Greensboro should support the Whatcha Cookin sitcom project.

18. Defendant Greensboro subsequently suggested and recommended that Plaintiff BNT submit an application for a loan and agreed to assist Plaintiff BNT in framing an application for a $300,000.00 ten year, economic development loan for presentation to the City Council.

19. Upon the recommendation of Greensboro City officials, Plaintiff BNT invited the entire City Council to its studio to present the status of the economic development already in progress along with the Whatcha Cookin sitcom project, and to outline Plaintiff BNT's needs for additional funds to complete shooting the final episodes necessary for syndication of the Whatcha Cookin sitcom in time for the 2014 television season.

20. Defendant Greensboro's $300,000.00 economic development loan to Plaintiff BNT was to be secured by Plaintiff Michael and Ramona Woods' personal residence located in

Greensboro, North Carolina, which had more than enough equity to fully collateralize the loan.

21.  The amount of equity in the Plaintiffs' residence was confirmed by a May 28, 2013 appraisal performed by LR Appraisals, Inc., who was chosen as the appraiser of choice by Defendant Greensboro. The appraisal confirmed a value of $975,000.00, resulting in equity well over the $300,000.00 loan, after consideration of all existing loans secured by the residence.

22.  The $300,000.00 loan to Plaintiff BNT was approved by Defendant Greensboro at the June 18, 2013 meeting of the Greensboro City Council by a 7 to 2 vote.

23.  Plaintiff BNT had made it expressly clear to Defendant Greensboro that because of certain critical timing issues involved, time was of the essence in completing the remaining episodes and prompt funding and disbursement of the approved loan was critical.

24.  Following the June 18, 2013 loan approval, and in reasonable reliance upon assurances by Defendant Greensboro that the funds would be forthcoming within a matter of a few days, Plaintiff BNT immediately made substantial financial commitments, including shooting five (5) more of the required thirteen (13) Whatcha Cookin episodes, and gave assurances to the industry that the sitcom project would be ready as scheduled.

25.  Following the June 18, 2013 City Council vote, it was brought to the Plaintiffs' attention that the Resolution drafted would have to be amended to reflect that Defendant Greensboro's security interest would be a third-position lien rather than a second-position lien security interest.

26.  Plaintiff BNT and the Plaintiffs Michael and Ramona Woods were informed that this

amendment was required because the Resolution initially drafted by the Greensboro City Attorney's office stated that the loan would be secured by a note and deed of trust with Defendant Greensboro's interest secured by "no more than a second lien" on the real property and improvements.

27.     The Resolution was drafted, despite the fact that, prior to placing the loan on the June 18, 2013 agenda, Defendant Greensboro had full details regarding the amount and nature of the liens against the Plaintiffs' residence, including the fact that there was already a first and a second lien against the property.

28.     Under the existing circumstance, Plaintiffs Michael and Ramona Woods and Plaintiff BNT, were under the reasonable impression and led to believe that the purpose of the special meeting by the City Council was perfunctory in nature and solely for the purpose of correcting language in the Resolution to state that the city of Greensboro's interest would be secured by "no less than a third (instead of a second) lien."

29.     Notwithstanding all of the prior assurances made on June 18, 2013 and thereafter, Defendant Greensboro reneged on its loan approval at a July 16, 2013 City Council meeting, using as a pretext, that it was not willing to take a third-position security interest rather than a second-position security interest.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. §§ 1981, 1983 OF THE EQUAL PROTECTION CLAUSES TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION & ARTICLE I, SEC. 19 OF THE NORTH CAROLINA CONSTITUTION

30.     Paragraphs 1-29 of this Complaint are hereby fully realleged and reincorporated hereinafter.

31.     At all material times to this action, Sections 1981 and 1983 of the Civil Rights Act of

1866 (42 U.S.C. Section 1981, and 1983) provide redress for violations of constitutionally guaranteed rights, including, without limitation, rights guaranteed under the Equal Protection Due Process Clause of the 14th Amendment.

32. Article I, Section 19 of the North Carolina Constitution states that: "No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin."

33. Said constitutional and statutory provisions were in full force and effect during all times relevant to this action.

34. As a minority-owned limited liability company owned, that acquired an imputed racial identity as an African American company, Plaintiff BNT and Plaintiffs Michael and Ramona Woods, were within a protected class and entitled to the protections of the constitutional and statutory provisions alleged herein, including, without limitation, the equal protection clause of the 14 Amendment of the of the U.S. Constitution, the provisions of 42 U.S.C. §§ 1981 and 1983, and Article I, Section 19 of the N.C. Constitution.

35. Plaintiff BNT and Plaintiffs Michael and Ramona Woods were fully qualified to be awarded the loan for which it applied and indeed was initially approved.

36. Upon information and belief, the Defendants subsequently reneged upon and denied Plaintiffs' loan on an intentional discriminatory basis, while concocting the pretext that such loan was being denied due to a third-position security interest.

37. Plaintiff BNT and Plaintiffs Michael and Ramona Woods were treated differently from white citizens and non-minority owned businesses, as a matter of course, who have applied for and been approved through the same loan process evidenced as follows:

(a)     Defendants' refusal to amend the closing conditions to allow Defendant Greensboro to take a third, but fully secured, position (behind the Plaintiffs' first mortgage and equity line of credit) constituted a de facto revocation of the prior loan approval.

(b)     Because there was sufficient equity in the property to fully secure Greensboro's loan, irrespective of whether the City's equity position was ranked second or third, that rationale was a pretext for discriminating against Plaintiffs by revoking the loan, and was not a genuine, non-discriminatory good faith reason.

(c)     Upon information and belief, the City Council has approved prior loans for non African-American applicants where Defendant Greensboro's secured position was third. And in any event the Plaintiffs were not offered or afforded the chance to consolidate the first mortgage and the equity line of credit into one first lien, so that Defendant Greensboro's secured position "would be no less than a second," if that were truly a good faith concern.

(d)     Following the meeting, on July 18, 2013 Plaintiff BNT sent an email to Greensboro's City Attorney, Mike Williams requesting clarification, which stated (in part): "In reference to the amendment on July 16th set into motion by Councilman Matheny, am I correct in assuming that this motion that was passed means that the first approval from June 18th is still active and as long as the requirement of the city being in second position is met, the first resolution to grant us the loan still stands? Is this correct?" Neither Defendant Greensboro not City Council responded to the question.

(e)     At all material times pertinent hereto, and upon information and belief, over the past 24 to 36 months, the City Council has chosen to break their own rules, rewrite the

guidelines, or simply dismiss legal grounds altogether to support projects that are non-African American or Hispanic in nature.

(f)     The City Council in January 2013 created a new incentive program in order to give a local developer, Kotis Holdings, an $850,000.00 loan. The loan was then guaranteed with a third lien position after principals tied a personal residence to the deal as collateral. This loan was approved months before Plaintiff BNT was awarded the $300,000.00 loan which was then reneged upon after the City Council stated they could not take a third position lien on Plaintiffs' loan.

(g)     In August 2013 Defendant Matheny brought to the table Gerbing, a Stoneville high tech manufacturing clothing company, which wanted to move its headquarters downtown. Gerbing planned to spend $233,384.00 to outfit a new office and hire 25 people. Defendant Greensboro and City Council moved to draft a new incentive policy that would give Gerbing $125,000.00 grant up front. City Council decided not to approve the policy change, but it still gave Gerbing the grant money. This is a clear example of Defendant Greensboro's and City Council's stance to continuously rewrite their own rules and change their guidelines to accommodate non African/Hispanic companies.

(h)     On or about November 2013 the City Council voted in favor of the Nussbaum Center for Entrepreneurship to convert a 20-year $1,275,000.00 loan into a grant. Defendants cited the nonprofit business incubators' success at job creation as reason enough to allow it to default on not one, but two promissory notes it had made. This is the same company that defaulted on paying an initial $75,000.00 no interest loan that was awarded by City Council in 2001. The Nussbaum Center for Entrepreneurship failed to

approved the $300,000.00 loan via Resolution, promised disbursement of the proceeds within mere days thereafter, and was fully aware that time was of the essence.

57.    Subsequent to that time, on or about July 16, 2013, Defendants reneged on their commitment to follow through with its obligation to honor any part of its loan commitment.

58.    Plaintiff BNT and Plaintiffs Michael and Ramona Woods reasonably relied upon, to their detriment, Defendant Greensboro's and city Council's assertions that they would extend such a loan to Plaintiffs and that they would disburse such funds immediately as they realized time was of the essence.

59.    Plaintiffs were induced into completing the loan application and entering into other financial commitments to its detriment, based upon these initial representations made by Defendant Greensboro.

60.    Defendant Greensboro did breach its contractual obligations with Plaintiffs based in substantial part due to racial discrimination and unlawful conspiracy during the loan process.

61.    The current economic harm experienced by Plaintiffs is a direct and proximate cause of the unlawful, unfair and deceptive trade practices of Defendant Greensboro and City Council.

**CLAIM FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully prays the Court:

1.    For judgment against the Defendants, jointly and severally, for compensatory, incidental and consequential damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00);

2.      For an award of all pre-judgment and post-judgment interest as allowed by law;

3.      That treble damages be awarded to Plaintiffs against the Defendants, jointly and severally for violation of N.C. Gen. Stat. § 75-1.1;

4.      That the costs of this action be taxed to the Defendants, including an award of attorneys' fees, as allowed by law;

5.      For trial by jury on all justicable issues raised in this Complaint; and

6.      For such other relief that the Court deems just and proper.

        This the 18th day of June 2014.

                                        **Pro Hac Vice Motion To Be Submitted**
                                        Willie E. Gary, Esq.
                                        Gary, Williams, Parenti, Watson & Gary
                                        221 SE Osceola Street
                                        Stuart, Florida 34994
                                        (772) 283-8260

                                        **Pro Hac Vice MotionTo Be Submitted**
                                        James Leonard Brown, Esq.
                                        A Professional Corporation
                                        5900 Wilshire Boulevard, Suite 2645
                                        Los Angeles, California 90036
                                        (213) 251-2332

                                        _____
                                        Michael A. Jones, Esq.
                                        Michael A. Jones & Associates, PLLC.
                                        Chancellor Building
                                        100 East Parrish Street, Suite 450
                                        Durham, North Carolina 27707
                                        N.C. State Bar No 19099
                                        (919) 688-9882

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Summons & Complaint was served on the Defendants (i) via first class United States Mail, postage prepaid, certified return receipt delivery, addressed as follows:

Mr. Jim Westmoreland, City Manager
City of Greensboro
300 West Washington Street
Greensboro, North Carolina 27401
(Defendant City of Greensboro / Greensboro City Council)

Mayor Nancy Vaughn
City of Greensboro / Greensboro City Council
300 West Washington Street
Greensboro, North Carolina 27401
(Defendant City of Greensboro / Greensboro City Council)

Mr. Tony Wilkins
Post Office Box 3136
Greensboro, North Carolina 27402-3136

Ms. Nancy Vaughn
902 Sunset Drive
Greensboro, North Carolina 27408

Ms. Nancy Hoffman
57 Folkestone Drive
Greensboro, North Carolina 27403

Ms. Marikay Abuzuaiter
3601 Brassfield Oak Drive
Greensboro, North Carolina 27410

Ms. T. Dianne Bellamy-Small
3211 Delmonte Drive
Greensboro, North Carolina 27406

Mr. Zach Matheny
Post Office Box 3136
Greensboro, North Carolina 27402-3136

This the 18th day of June 2014.

Michael A. Jones, Esq.
Chancellor Building
100 East Parrish Street, Suite 450
Durham, North Carolina 27707
N.C. State Bar No 19099
(919) 688-9882