STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 6767

MICHAEL WOODS, an individual; )
RAMONA WOODS, an individual; )
and BNT AD AGENCY, LLC. )
)
               Plaintiffs, )
)
vs. )     **COMPLAINT**
)
CITY OF GREENSBORO, North Carolina, )
a municipality, and the following current and )
former members of the City Council in their )
official and individual capacities, TONY )
WILKINS, NANCY HOFFMAN, NANCY )
VAUGHN, ZACK MATHENY, MARIKAY )
ABUZUAITER, T. DIANNE BELLAMY- )
SMALL )
)
               Defendants. )

**NOW COMES** Michael Woods, Ramona Woods and BNT Ad Agency, LLC. by and through counsel, and hereby alleges against the City of Greensboro, North Carolina, and current and former City Council members, jointly and severally, as follows:

## PARTIES & JURISDICTION

1. Plaintiff Michael Woods is a citizen and resident of Guilford County, North Carolina and a member of BNT Ad Agency, LLC. at all relevant times complained of herein. (hereinafter referred to as "**Plaintiff Michael Woods**").

2. Plaintiff Ramona Woods is a citizen and resident of Guilford County, North Carolina and a member of BNT Ad Agency, LLC. at all relevant times complained of herein. (hereinafter referred to as "**Plaintiff Ramona Woods**").

3. BNT Ad Agency, LLC. is a duly incorporated North Carolina limited liability company, providing family oriented network television programming, having its principal place of business located in Greensboro, Guilford County, North Carolina at all material times complained of herein (hereinafter referred to as "**Plaintiff BNT**").

4. The City of Greensboro is a body corporate under the laws of the state of North Carolina and existing within the County of Guilford, North Carolina and is capable of prosecuting and defending suits for or against the corporation for purposes of N.C. Gen. Stat. §160A-11. Defendant Greensboro is a public body for purposes of the applicable sections of the North Carolina General Statutes (hereinafter referred to as "**Defendant Greensboro**" and "**City of Greensboro**").

5. At all material times herein, Defendant Greensboro was managed and operated by the City Council of Greensboro (hereinafter referred to as the "**City Council**"). And, each of the individual members comprising the City Council identified in Paragraphs 7 to 13 below, both current and former, are hereby sued in their official and individual capacities.

6. Upon information and belief, Defendant Greensboro has waived immunity to the extent that the same is a protection for those claims to which it is applicable by the purchase of insurance or reinsurance.

7. Defendant Tony Wilkins (hereinafter referred to as "**Defendant Wilkins**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

8. Defendant Nancy Hoffman (hereinafter referred to as "**Defendant Hoffman**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

9. Defendant Nancy Vaughn (hereinafter referred to as "**Defendant Vaughn**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

10. Defendant Zack Matheny (hereinafter referred to as "**Defendant Matheny**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

11. Defendant Marikay Abuzuaiter (hereinafter referred to as "**Defendant Abuzuaiter**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a current member of the City Council at all relevant times complained of herein.

12. Defendant T. Dianne Bellamy-Small (hereinafter referred to as "**Defendant Bellamy-Small**") upon information and belief is a citizen and resident of Guilford County, North Carolina and a former member of the City Council at all relevant times complained of herein.

13. At all relevant times herein, Defendant Wilkins, Defendant Hoffman, Defendant Vaughn, Defendant Matheny, Defendant Abuzuaiter, and Defendant Bellamy-Small, each of whom are sued in their individual and official capacities, were at all times acting under the color of State law, to wit, under color of the statutes, ordinances, regulations, policies customs, practices and usages of the State of North Carolina.

## FACTUAL ALLEGATIONS

14. Paragraphs 1-13 of this Complaint are hereby fully realleged and reincorporated hereinafter.

15. Sometime in April 2013, Plaintiffs Michael and Ramona Woods, in their individual capacities and as managing members of Plaintiff BNT, discussed with various City of

Greensboro officials what a successful minority owned Greensboro-based television network would mean to the Greensboro community at-large in terms of job creation, skills and training in new industry, economic development and the potential of national and international exposure.

16. At the time of these discussions with City of Greensboro officials, Plaintiff BNT had already invested more than $800,000.00 into the infrastructure, development and production of a situation comedy ("sitcom") known as Whatcha Cookin, scheduled for possible syndication for the upcoming 2014 television season upon completion of the final episodes.

17. Various members of the City of Greensboro's Economic and Business Development office concurred that Defendant Greensboro should support the Whatcha Cookin sitcom project.

18. Defendant Greensboro subsequently suggested and recommended that Plaintiff BNT submit an application for a loan and agreed to assist Plaintiff BNT in framing an application for a $300,000.00 ten year, economic development loan for presentation to the City Council.

19. Upon the recommendation of Greensboro City officials, Plaintiff BNT invited the entire City Council to its studio to present the status of the economic development already in progress along with the Whatcha Cookin sitcom project, and to outline Plaintiff BNT's needs for additional funds to complete shooting the final episodes necessary for syndication of the Whatcha Cookin sitcom in time for the 2014 television season.

20. Defendant Greensboro's $300,000.00 economic development loan to Plaintiff BNT was to be secured by Plaintiff Michael and Ramona Woods' personal residence located in

Greensboro, North Carolina, which had more than enough equity to fully collateralize the loan.

21. The amount of equity in the Plaintiffs' residence was confirmed by a May 28, 2013 appraisal performed by LR Appraisals, Inc., who was chosen as the appraiser of choice by Defendant Greensboro. The appraisal confirmed a value of $975,000.00, resulting in equity well over the $300,000.00 loan, after consideration of all existing loans secured by the residence.

22. The $300,000.00 loan to Plaintiff BNT was approved by Defendant Greensboro at the June 18, 2013 meeting of the Greensboro City Council by a 7 to 2 vote.

23. Plaintiff BNT had made it expressly clear to Defendant Greensboro that because of certain critical timing issues involved, time was of the essence in completing the remaining episodes and prompt funding and disbursement of the approved loan was critical.

24. Following the June 18, 2013 loan approval, and in reasonable reliance upon assurances by Defendant Greensboro that the funds would be forthcoming within a matter of a few days, Plaintiff BNT immediately made substantial financial commitments, including shooting five (5) more of the required thirteen (13) Whatcha Cookin episodes, and gave assurances to the industry that the sitcom project would be ready as scheduled.

25. Following the June 18, 2013 City Council vote, it was brought to the Plaintiffs' attention that the Resolution drafted would have to be amended to reflect that Defendant Greensboro's security interest would be a third-position lien rather than a second-position lien security interest.

26. Plaintiff BNT and the Plaintiffs Michael and Ramona Woods were informed that this

amendment was required because the Resolution initially drafted by the Greensboro City Attorney's office stated that the loan would be secured by a note and deed of trust with Defendant Greensboro's interest secured by "no more than a second lien" on the real property and improvements.

27. The Resolution was drafted, despite the fact that, prior to placing the loan on the June 18, 2013 agenda, Defendant Greensboro had full details regarding the amount and nature of the liens against the Plaintiffs' residence, including the fact that there was already a first and a second lien against the property.

28. Under the existing circumstance, Plaintiffs Michael and Ramona Woods and Plaintiff BNT, were under the reasonable impression and led to believe that the purpose of the special meeting by the City Council was perfunctory in nature and solely for the purpose of correcting language in the Resolution to state that the city of Greensboro's interest would be secured by "no less than a third (instead of a second) lien."

29. Notwithstanding all of the prior assurances made on June 18, 2013 and thereafter, Defendant Greensboro reneged on its loan approval at a July 16, 2013 City Council meeting, using as a pretext, that it was not willing to take a third-position security interest rather than a second-position security interest.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §§ 1981, 1983 OF THE EQUAL PROTECTION CLAUSES TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION & ARTICLE I, SEC. 19 OF THE NORTH CAROLINA CONSTITUTION**

30. Paragraphs 1-29 of this Complaint are hereby fully realleged and reincorporated hereinafter.

31. At all material times to this action, Sections 1981 and 1983 of the Civil Rights Act of

1866 (42 U.S.C. Section 1981, and 1983) provide redress for violations of constitutionally guaranteed rights, including, without limitation, rights guaranteed under the Equal Protection Due Process Clause of the 14th Amendment.

32. Article I, Section 19 of the North Carolina Constitution states that: "No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin."

33. Said constitutional and statutory provisions were in full force and effect during all times relevant to this action.

34. As a minority-owned limited liability company owned, that acquired an imputed racial identity as an African American company, Plaintiff BNT and Plaintiffs Michael and Ramona Woods, were within a protected class and entitled to the protections of the constitutional and statutory provisions alleged herein, including, without limitation, the equal protection clause of the 14 Amendment of the of the U.S. Constitution, the provisions of 42 U.S.C. §§ 1981 and 1983, and Article I, Section 19 of the N.C. Constitution.

35. Plaintiff BNT and Plaintiffs Michael and Ramona Woods were fully qualified to be awarded the loan for which it applied and indeed was initially approved.

36. Upon information and belief, the Defendants subsequently reneged upon and denied Plaintiffs' loan on an intentional discriminatory basis, while concocting the pretext that such loan was being denied due to a third-position security interest.

37. Plaintiff BNT and Plaintiffs Michael and Ramona Woods were treated differently from white citizens and non-minority owned businesses, as a matter of course, who have applied for and been approved through the same loan process evidenced as follows:

(a) Defendants' refusal to amend the closing conditions to allow Defendant Greensboro to take a third, but fully secured, position (behind the Plaintiffs' first mortgage and equity line of credit) constituted a de facto revocation of the prior loan approval.

(b) Because there was sufficient equity in the property to fully secure Greensboro's loan, irrespective of whether the City's equity position was ranked second or third, that rationale was a pretext for discriminating against Plaintiffs by revoking the loan, and was not a genuine, non-discriminatory good faith reason.

(c) Upon information and belief, the City Council has approved prior loans for non African-American applicants where Defendant Greensboro's secured position was third. And in any event the Plaintiffs were not offered or afforded the chance to consolidate the first mortgage and the equity line of credit into one first lien, so that Defendant Greensboro's secured position "would be no less than a second," if that were truly a good faith concern.

(d) Following the meeting, on July 18, 2013 Plaintiff BNT sent an email to Greensboro's City Attorney, Mike Williams requesting clarification, which stated (in part): "In reference to the amendment on July 16th set into motion by Councilman Matheny, am I correct in assuming that this motion that was passed means that the first approval from June 18th is still active and as long as the requirement of the city being in second position is met, the first resolution to grant us the loan still stands? Is this correct?" Neither Defendant Greensboro not City Council responded to the question.

(e) At all material times pertinent hereto, and upon information and belief, over the past 24 to 36 months, the City Council has chosen to break their own rules, rewrite the

guidelines, or simply dismiss legal grounds altogether to support projects that are non-African American or Hispanic in nature.

(f) The City Council in January 2013 created a new incentive program in order to give a local developer, Kotis Holdings, an $850,000.00 loan. The loan was then guaranteed with a third lien position after principals tied a personal residence to the deal as collateral. This loan was approved months before Plaintiff BNT was awarded the $300,000.00 loan which was then reneged upon after the City Council stated they could not take a third position lien on Plaintiffs' loan.

(g) In August 2013 Defendant Matheny brought to the table Gerbing, a Stoneville high tech manufacturing clothing company, which wanted to move its headquarters downtown. Gerbing planned to spend $233,384.00 to outfit a new office and hire 25 people. Defendant Greensboro and City Council moved to draft a new incentive policy that would give Gerbing $125,000.00 grant up front. City Council decided not to approve the policy change, but it still gave Gerbing the grant money. This is a clear example of Defendant Greensboro's and City Council's stance to continuously rewrite their own rules and change their guidelines to accommodate non African/Hispanic companies.

(h) On or about November 2013 the City Council voted in favor of the Nussbaum Center for Entrepreneurship to convert a 20-year $1,275,000.00 loan into a grant. Defendants cited the nonprofit business incubators' success at job creation as reason enough to allow it to default on not one, but two promissory notes it had made. This is the same company that defaulted on paying an initial $75,000.00 no interest loan that was awarded by City Council in 2001. The Nussbaum Center for Entrepreneurship failed to

approved the $300,000.00 loan via Resolution, promised disbursement of the proceeds within mere days thereafter, and was fully aware that time was of the essence.

57. Subsequent to that time, on or about July 16, 2013, Defendants reneged on their commitment to follow through with its obligation to honor any part of its loan commitment.

58. Plaintiff BNT and Plaintiffs Michael and Ramona Woods reasonably relied upon, to their detriment, Defendant Greensboro's and city Council's assertions that they would extend such a loan to Plaintiffs and that they would disburse such funds immediately as they realized time was of the essence.

59. Plaintiffs were induced into completing the loan application and entering into other financial commitments to its detriment, based upon these initial representations made by Defendant Greensboro.

60. Defendant Greensboro did breach its contractual obligations with Plaintiffs based in substantial part due to racial discrimination and unlawful conspiracy during the loan process.

61. The current economic harm experienced by Plaintiffs is a direct and proximate cause of the unlawful, unfair and deceptive trade practices of Defendant Greensboro and City Council.

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays the Court:

1. For judgment against the Defendants, jointly and severally, for compensatory, incidental and consequential damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00);

2. For an award of all pre-judgment and post-judgment interest as allowed by law;

3. That treble damages be awarded to Plaintiffs against the Defendants, jointly and severally for violation of N.C. Gen. Stat. § 75-1.1;

4. That the costs of this action be taxed to the Defendants, including an award of attorneys' fees, as allowed by law;

5. For trial by jury on all justicable issues raised in this Complaint; and

6. For such other relief that the Court deems just and proper.

This the 18th day of June 2014.

**Pro Hac Vice Motion To Be Submitted**
Willie E. Gary, Esq.
Gary, Williams, Parenti, Watson & Gary
221 SE Osceola Street
Stuart, Florida 34994
(772) 283-8260

**Pro Hac Vice MotionTo Be Submitted**
James Leonard Brown, Esq.
A Professional Corporation
5900 Wilshire Boulevard, Suite 2645
Los Angeles, California 90036
(213) 251-2332

_____
Michael A. Jones, Esq.
Michael A. Jones & Associates, PLLC.
Chancellor Building
100 East Parrish Street, Suite 450
Durham, North Carolina 27707
N.C. State Bar No 19099
(919) 688-9882

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Summons & Complaint was served on the Defendants (i) via first class United States Mail, postage prepaid, certified return receipt delivery, addressed as follows:

Mr. Jim Westmoreland, City Manager
City of Greensboro
300 West Washington Street
Greensboro, North Carolina 27401
(Defendant City of Greensboro / Greensboro City Council)


Mayor Nancy Vaughn
City of Greensboro / Greensboro City Council
300 West Washington Street
Greensboro, North Carolina 27401
(Defendant City of Greensboro / Greensboro City Council)


Mr. Tony Wilkins
Post Office Box 3136
Greensboro, North Carolina 27402-3136


Ms. Nancy Vaughn
902 Sunset Drive
Greensboro, North Carolina 27408


Ms. Nancy Hoffman
57 Folkestone Drive
Greensboro, North Carolina 27403


Ms. Marikay Abuzuaiter
3601 Brassfield Oak Drive
Greensboro, North Carolina 27410


Ms. T. Dianne Bellamy-Small
3211 Delmonte Drive
Greensboro, North Carolina 27406

Mr. Zach Matheny
Post Office Box 3136
Greensboro, North Carolina 27402-3136

                                  This the 18th day of June 2014.

                                  _____
                                  Michael A. Jones, Esq.
                                  Chancellor Building
                                  100 East Parrish Street, Suite 450
                                  Durham, North Carolina 27707
                                  N.C. State Bar No 19099
                                  (919) 688-9882